UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES ANTHONY CAPONE,<br><br>                    Petitioner,<br><br>v.<br><br>JOSH TEWALT, Director of the Idaho Department of Correction,<br><br>                    Respondent. | Case No. 1:24-cv-00236-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Charles Anthony Capone ("Petitioner"), challenging Petitioner's state court convictions of first-degree murder and crimes related to the murder. Dkt. 1. Respondent has filed a Motion for Partial Summary Dismissal, arguing that Claims 1(a), 1(b), 3(a), and 3(b) are procedurally defaulted. Dkt. 10. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 9; Fed. R. Evid. 201(b). Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion for Partial Summary Dismissal because Claims 1(a), 1(b), 3(a), and 3(b) are procedurally defaulted.

However, because the state court alternatively determined that Claims 1(a), 1(b), 3(a), and 3(b) failed on the merits, Respondent may choose to brief the merits of these

claims at the same time as the merits of Claim 2—the remaining claim in the Petition—as an alternative basis for the resolution of Claims 1 and 3.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Capone*, 426 P.3d 469 (2018) (Idaho 2017). The facts will not be repeated here except as necessary to explain the Court's decision.

Following a jury trial in the Second Judicial District Court in Latah County, Idaho, Petitioner was convicted of first-degree murder based on the disappearance of Petitioner's wife, as well as failure to notify a coroner or law enforcement of a death and conspiracy to commit failure to notify a coroner or law enforcement of a death. Petitioner was also found guilty of a persistent violator sentencing enhancement. He received a fixed life sentence for the murder conviction, plus consecutive 20-year terms of imprisonment on the failure to notify convictions.[1] *State's Lodging A-11* at 2091–93.

The prosecution's case relied in large part on the testimony of David Stone, who was initially prosecuted along with Petitioner but later agreed to testify against Petitioner in exchange for dismissal of the murder charge. Stone testified that he saw Petitioner strangle his wife and helped Petitioner dispose of the victim's body by throwing the body into the Snake River. Much of Petitioner's defense focused on attempting to discredit Stone, including arguing that law enforcement searched the river but never found the victim's body—thus, Stone must have been lying. After he was convicted, Petitioner filed

---

[1] The two 20-year fixed terms were imposed to run consecutively to the fixed life sentence for murder, but concurrently with each other. *State's Lodging A-11* at 2093.

a motion for a new trial based on an inmate's statement that Stone told the inmate the victim's body was not in the river. The trial court denied the motion. *Capone*, 426 P.3d at 473.

On direct appeal, Petitioner argued that insufficient evidence supported the convictions and also asserted various claims under Idaho state law, including that the trial court erred by denying Petitioner's motion for a new trial. *State's Lodging B-5*. The Idaho Supreme Court affirmed. *Capone*, 426 P.3d at 479.

Petitioner filed a pro se petition for post-conviction relief in state court. *State's Lodging C-1* at 12–17. Petitioner was appointed counsel, who filed several amended petitions. In the operative third amended petition, Petitioner claimed that the prosecutor violated *Napue v. Illinois*, 360 U.S. 264 (1959), by failing to correct materially false testimony offered by David Stone and Detective Hally. Petitioner also asserted claims, under *Brady v. Maryland*, 373 U.S. 83 (1963), that the prosecution failed to disclose (1) an inmate witness's status as a confidential informant, (2) another inmate witness's status as a potential "third strike" offender, and (3) additional records of the river searches performed by law enforcement. Petitioner also raised claims of trial court error and ineffective assistance of counsel. *State's Lodging C-3* at 272–99.

The state district court dismissed the petition. Petitioner appealed, raising his *Brady*, *Napue*, and ineffectiveness claims. *State's Lodging D-1*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging D-4; D-6*.

In the instant federal habeas corpus petition, Petitioner asserts three claims, two of which include sub-claims.

MEMORANDUM DECISION AND ORDER - 3

Claim 1 asserts the same *Brady* claims Petitioner asserted in his state post-conviction proceedings: that the prosecution failed to disclose (a) additional evidence regarding the river searches, and (b) evidence regarding the credibility of two jailhouse witnesses, one of whom was a confidential informant and another of whom faced a third strike prosecution in another state at the time of the trial. *Pet.*, Dkt. 1, at 13–16.

Claim 2 asserts that Petitioner's trial counsel rendered ineffective assistance by failing to investigate the river searches. *Id.* at 17–18.

In Claim 3, Petitioner asserts the same *Napue* claims as those raised in his state post-conviction petition: that the prosecution failed to correct false testimony from (a) David Stone and (b) Detective Hally. *Id.* at 18–20.

## DISCUSSION

Respondent argues that Petitioner's *Brady* and *Napue* claims, asserted in Claims 1 and 3 of the Petition, are procedurally defaulted based on adequate and independent state procedural grounds. Petitioner argues that the rule relied on by the Idaho Court of Appeals is not adequate to bar federal review of these claims. For the following reasons, the Court agrees with Respondent.

### 1.    Standard of Law Governing Summary Dismissal

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather

than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

## 2.    Procedural Default Standards of Law

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Id*. at 161–62. Claims are procedurally defaulted in the following situations: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently

applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093–94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, and even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard … is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

State procedural rules that are "too inconsistently or arbitrarily applied to bar federal habeas review … generally fall into two categories: (1) rules that have been selectively applied to bar the claims of certain litigants; and (2) rules that are so unsettled due to ambiguous or changing state authority that applying them to bar a litigant's claims is unfair." *Wood v. Hall*, 130 F.3d 373, 377 (9th Cir. 1997) (internal citations omitted).

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) (as *amended on denial of rehearing en banc*). The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state. *Id*.

3.    **Claims 1(a), 1(b), 3(a), and 3(b) Were Procedurally Defaulted on the Adequate State Procedural Ground that They Could Have Been Raised on Direct Appeal**

In Idaho, a petition for post-conviction relief is "not a substitute for direct appeal." Idaho Code § 19-4901(b). Accordingly, Idaho courts consider a post-conviction claim forfeited—and will not consider the claim on the merits—if the claim "could have been raised on direct appeal[] but was not." *Id*. The only exception to this procedural bar is when a petitioner establishes that "the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier." *Id.*

Idaho courts consider whether the § 19-4901(b) bar applies by considering whether the facts underlying the claim were available to the defendant at trial such that the claim could have been presented on direct appeal. *See, e.g., Roman v. State*, 873 P.2d 898, 901–02 (Idaho Ct. App. 1994) (holding a sentencing claim barred because the petitioner "could have challenged the trial court's reliance upon the allegedly outdated report in the course of sentencing through a direct appeal of the sentence"); *Thumm v. State*, 447 P.3d 853, 874 (Idaho 2019) (holding that prosecutor's comment during closing argument—that defendant hit the victim with a bottle, despite a late-disclosed and excluded fingerprint report showing that defendant's prints were not on the bottle—could have been challenged on direct appeal as a claim of unpreserved fundamental error, because the claim was "based on the very exclusion of the fingerprint report" that defendant knew about during trial); *see also Brackett v. State*, No. 45402, 2019 WL 288295, at *3 (Idaho Ct. App. Jan. 23, 2019) (unpublished) (noting that the lower post-conviction court "found that Claims 5-12 [which

included *Brady* claims], 14-17, and 19-25 were all claims that could have or should have been raised on direct appeal" under Idaho Code § 19-4901(b)); *Chacon v. State*, No. 38612, 2012 WL 9495937, at *1 n.1 (Idaho Ct. App. Sept. 28, 2012) (unpublished) (noting that the lower post-conviction court concluded several ineffectiveness claims were barred because there was "evidence within the record from the underlying criminal case" to support the claims, such that the claims "should have been or were in fact raised on direct appeal").

The current version of Idaho Code § 19-4901 has been in place since 2010, and the 2010 amendment left subsection (b) untouched. *See Criminal Procedure—Uniform Post-Conviction Procedure Act—DNA Testing*, 2010 Idaho Laws Ch. 135 (H.B. 498). As a result, the Idaho statute prohibiting post-conviction claims that could have been raised on direct appeal has been in place for decades.

In Petitioner's case, the Idaho Court of Appeals concluded that Petitioner's *Brady* and *Napue* claims could have been raised on direct appeal because "the factual support for each of [these] claims" [was] drawn from the record in the criminal case"—not from any information that was previously unavailable to Petitioner. *State's Lodging D-4* at 10. Indeed, in his state post-conviction proceedings, Petitioner did "not cite to or articulate what, if any, relevant evidence he learned of or obtained post-trial [that] was unavailable during his direct appeal." *Id*.

Respondent has sufficiently pleaded the existence of an adequate and independent state procedural bar. And this Court has already determined that § 19-4901(b) is adequate and independent. *Sheahan v. Valdez*, No. 1:09-cv-00191, 2010 WL 3893934, at *3 (D.

Idaho Sept. 27, 2010) (unpublished). The burden thus shifts to Petitioner to "demonstrate the inadequacy" of Idaho Code § 19-4091(b). *Bennett*, 322 F.3d at 586.

Petitioner does not assert that § 19-4901(b) generally is not an adequate and independent state procedural ground. Rather, Petitioner contends that the rule was used in Petitioner's case "in an inconsistent, novel, and unexpected way to defeat [Petitioner's] *Brady* and *Napue* claims" such that the rule—as applied to those claims—is not adequate to preclude federal habeas review. Dkt. 14 at 2. Specifically, Petitioner argues that prior to the state appellate court's decision in Petitioner's case, "Idaho law had to that point routed *Brady* and *Napue* claims into post-conviction proceedings" and had not applied § 19-4901(b) to bar such claims. Dkt. 14 at 6.

For the reasons that follow, Petitioner has failed to meet his burden of showing that Idaho Code § 19-4901(b) was inadequate, and Respondent has established that the rule was "clear, consistently applied, and well-established" at the time of Petitioner's default. *Klauser*, 266 F.3d at 1093 (internal quotation marks omitted). Accordingly, Claims 1(a), 1(b), 3(a), and 3(b) must be dismissed as procedurally defaulted.

### A.    *The Decision of the Idaho Court of Appeals*

The Idaho Court of Appeals concluded that Petitioner's *Brady* and *Napue* claims were forfeited because they could have been raised on direct appeal. *State's Lodging D-4* at 7–23. The court alternatively held that the claims failed on the merits. *Id.* at 25–26.

As an initial matter, Petitioner contends that the Idaho Court of Appeals used "clever sleight-of-hand" to "elide *Brady* and *Napue* issues" by characterizing them as broader claims of prosecutorial misconduct. Dkt. 14 at 6. This is an exaggerated description of the

state court's decision. It is true the Idaho Court of Appeals stated that Petitioner's *Brady* and *Napue* claims were species of prosecutorial misconduct claims and used the term "prosecutorial misconduct" as shorthand to refer to these claims. But the state court plainly recognized that the claims were asserted specifically under *Brady* and *Napue*, and the court appropriately cited and accurately explained the particular standards of law announced in those cases. *State's Lodging D-4* at 7, 9, 17.

In considering whether § 19-4901(b) barred Petitioner's claims, the Idaho Court of Appeals relied in large part on *Thumm v. State*, 447 P.3d 853. In *Thumm*, the post-conviction petitioner asserted a *Brady* claim based on a fingerprint report which, although disclosed by the prosecution, was disclosed late; therefore, the report was excluded at trial. The court reviewed the *Brady* claim on its merits, without considering whether § 19-4901(b) applied. However, the petitioner also raised a claim of prosecutorial misconduct during closing argument that was related to the *Brady* claim, and the court held that this claim *was* barred by § 19-4901(b).

The prosecutor in *Thumm* claimed to the jury that the petitioner picked up a bottle and struck the victim with it. The fingerprint report, however, had excluded the petitioner as a source for the fingerprints on the bottle. The petitioner did not object to the prosecutor's comment and did not raise the issue on direct appeal. The petitioner did raise the claim in post-conviction proceedings. The Idaho Supreme Court held that, because the information upon which Petitioner relied was available to him during trial, the claim should have been raised on direct appeal as a claim of fundamental error:

> There were no objections at trial to the closing argument referencing the use of bottles as weapons. As the district court noted, even without [defense counsel's] contemporaneous objections to the prosecutor's misconduct at trial, *appellate counsel could have raised the issue on appeal*. In his brief, Thumm presented no evidence that the issue could not, in the exercise of due diligence, have been presented earlier. Instead, he conclusively states, in a footnote, that the prosecutorial misconduct could not have been raised on appeal because the fingerprint report was not part of the record. However improper the statement may have been, *Thumm could have raised this issue on direct appeal, based on the very exclusion of the fingerprint report*.

*Id*. at 874. Because the petitioner in *Thumm* could have raised the claim on direct appeal, but did not, the claim was barred by § 19-4901(b) (emphasis added).

The court of appeals also cited *State v. Lankford*, 399 P.3d 804 (Idaho 2017), for the proposition that *Brady* and Napue *claims* can be forfeited under § 19-4901(b). *State's Lodging D-4* at 17. In *Lankford*, the defendant raised *Brady* and *Napue* claims in a motion for a new trial. The court declined to consider those claims as properly asserted in a motion for a new trial, but instead simply reviewed them—on direct appeal—as if the motion had not been made. *Lankford*, 399 P.3d at 820 ("Although a defendant's motion for new trial may not rest upon [*Brady* and *Napue*] claims of prosecutorial misconduct, we regularly review such claims on direct appeal.").

Relying on *Thumm* and *Lankford*, the Idaho Court of Appeals concluded that Petitioner's *Brady* and *Napue* claims could have been raised on direct appeal. As for whether the facts underlying the claims were available to Petitioner before direct appeal, the court noted that Petitioner had not relied on any information or evidence outside the trial court record. All the evidence upon which Petitioner's *Brady* and *Napue* claims were

MEMORANDUM DECISION AND ORDER - 11

based came directly from the underlying criminal trial record itself—not on any evidence obtained later. *State's Lodging D-4* at 10 ("[T]he factual support for each of [Petitioner's] claims is drawn from the record in the criminal case. [Petitioner] does not cite to or articulate what, if any, relevant evidence he learned of or obtained post-trial and, therefore, was unavailable during his direct appeal."). Because Petitioner had not cited any evidence that was obtained after trial and direct appeal, the court held that Petitioner's *Brady* and *Napue* claims were barred by § 19-4901(b).

### B.    Idaho Code § 19-4901(b) Is an Adequate Procedural Ground as Applied to Petitioner's **Brady** and **Napue** Claims by the Idaho Court of Appeals

Claims asserted under *Brady* and *Napue* are most often based on information obtained after trial and direct appeal. Thus, Idaho courts have recognized that post-conviction proceedings are generally an appropriate avenue through which to bring such claims. *See State's Lodging D-4* at 17 ("Generally, allegations of prosecutorial misconduct based on a *Brady* violation can be brought in post-conviction actions, because the factual underpinnings of the *Brady* claim are not discovered until after the direct appeal is concluded.") (internal citation omitted). Therefore, in the ordinary case, such claims usually would not be barred by Idaho Code § 19-4901(b).

However, contrary to Petitioner's argument that the Idaho courts had never, prior to Petitioner's case, reviewed *Brady* and *Napue* claims on direct appeal, *see* Dkt. 14 at 13, the Idaho Supreme Court had, in fact, done so several years earlier. In *State v. Lankford*, 399 P.3d 804, the defendant raised *Brady* and *Napue* claims in a motion for a new trial. The court declined to consider the claims as properly asserted in a motion for a new trial, but

MEMORANDUM DECISION AND ORDER - 12

instead simply reviewed them, on direct appeal, as if the motion had not been made. *Id*. at 820 ("Although a defendant's motion for new trial may not rest upon [*Brady* and *Napue*] claims of prosecutorial misconduct, we regularly review such claims on direct appeal.").

Because the *Lankford* court reviewed the defendant's *Brady* and *Napue* claims on direct appeal from Petitioner's conviction, it obviously had no occasion to determine whether § 19-4901(b) *would* have barred the claims if they had *not* been raised in that appeal. However, the fact that the Idaho Supreme Court reviewed such claims in that direct appeal contradicts Petitioner's claim that, prior to Petitioner's case, Idaho courts had channeled such claims exclusively into state post-conviction proceedings. *Lankford* supports the state court's holding in Petitioner's case that *Brady* and *Napue* claims are "subject to the same limitations of I.C. § 19-4901(b) as any other" claim the factual underpinnings of which were known before direct appeal. *State's Lodging D-4* at 17.

The state court of appeals also relied on *Thumm v. State*, 447 P.3d 853, which, as Petitioner correctly notes, is not quite on all fours with Petitioner's case. In *Thumm*, the claim of prosecutorial misconduct in closing argument—which was held barred by § 19-4901(b)—was related to the *Brady* claim but was not, in fact, a freestanding *Brady* claim. And the court in that case did not consider whether § 19-4901(b) might apply to the *Brady* claim itself, and it recognized that "post-conviction petitions are an appropriate time to raise such a claim." *Id*. at 870. Nonetheless, *Thumm* supports the application of § 19-4901(b) to Petitioner's case because the facts underlying the claim of misconduct in closing argument were available to Thumm—just as the facts underlying Petitioner's *Brady* and *Napue* claims were available to Petitioner—before direct appeal.

MEMORANDUM DECISION AND ORDER - 13

The application of § 19-4901(b) to *Brady* and *Napue* claims is also supported by *State v. Brackett*, a 2019 case in which the state district court dismissed post-conviction *Brady* claims because they could have been raised on direct appeal. *See* 2019 WL 288295, at *3 (affirmed by the Idaho Court of Appeals for lack of argument and authority). Therefore, at least one state court had specifically applied this procedural bar to *Brady* claims several years before the state appellate court decided Petitioner's case. And, seven years before *Brackett*, a state district court had even applied § 19-4901(b) to certain ineffective assistance claims—which almost always rely on evidence outside the trial record and, thus, are almost always raised in post-conviction proceedings. *See Chacon*, 2012 WL 9495937, at *1 n.1.

Petitioner contends that he could not have raised his *Brady* and *Napue* claims on direct appeal because he did not have "sufficient facts at his disposal" to raise the claims at that time. Dkt. 14 at 13. However, Petitioner does not cite to any specific evidence obtained after trial and direct appeal that supports his *Brady* and *Napue* claims.[2] Petitioner certainly offered no such evidence to the state appellate court. As that court explained, all of Petitioner's supporting evidence for these claims came directly from the trial record itself. *State's Lodging D-4* at 10 ("[Petitioner] does not cite to or articulate what, if any, relevant evidence he learned of or obtained post-trial and, therefore, was unavailable during his direct appeal.").

---

[2] For example, although the Petition refers to "new evidence" of records of additional river searches discovered in post-conviction proceedings, *see* Dkt. 1 at 10, the report discussing these additional searches, written by Detective Nichols, was in fact disclosed to Petitioner in discovery before trial, *see State's Lodging C-1* at 76–79.

MEMORANDUM DECISION AND ORDER - 14

*Lankford*, *Thumm*, *Brackett*, and *Chacon* together establish that Idaho Code § 19-4901(b) applies to *any* claims the facts underlying which were available to the defendant before direct appeal—whether those claims are styled as *Brady* claims, *Napue* claims, or any other claim. The Court agrees with Respondent that, before Petitioner's case, "the sum of [Idaho] authority … suggest[ed] that *Brady* and *Napue* claims based on information *known* at trial would be treated differently than claims based on information *unknown* at trial—which is exactly how the procedural bar works." Dkt. 17 at 4.

Given that these cases were decided years before Petitioner's post-conviction appeal, the application of § 19-4901(b) to *Brady* and *Napue* claims where the underlying facts were available to the defendant before direct appeal was clear, consistently applied, and well-established when Petitioner's case was decided. Accordingly, the Idaho Court of Appeals' decision was based an adequate and independent state procedural ground, and Petitioner's *Brady* and *Napue* claims are procedurally defaulted. *See Klauser*, 266 F.3d at 1093.

Under Idaho law, if the facts underpinning a *Brady* and *Napue* claim were known before direct appeal, and if the claim was not raised in that direct appeal, § 19-4901(b) will apply to bar review of that claim in state post-conviction proceedings. Because, in post-conviction proceedings, Petitioner did not rely on any information or evidence that was unavailable to him before direct appeal, the Idaho Court of Appeals appropriately applied § 19-4901(b) to Petitioner's *Brady* and *Napue* claims.

**4.    Claims 1(a), 1(b), 3(a), and 3(b) Were Also Defaulted on the Adequate State Procedural Ground that Petitioner Did Not Preserve for Appeal any Argument**

**that the Claims Raised a Substantial Doubt about His Guilt and that He Could Not Have Raised the Claims Earlier with the Exercise of Due Diligence**

In addition to holding Petitioner's *Brady* and *Napue* claims barred because they could have been raised on direct appeal, the Idaho Court of Appeals also held that Petitioner had forfeited any argument that he fell within the statutory exception to § 19-4901(b)'s procedural bar. That exception applies if the post-conviction petitioner shows the claim "raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier." Idaho Code § 19-4901(b).

The Idaho Court of Appeals found that Petitioner had not raised in the state district court any argument that his *Brady* and *Napue* claims could have been raised earlier with the exercise of due diligence. *State's Lodging D-4* at 8–9 ("Capone … failed to preserve a challenge to the district court's findings that the statutory exception to forfeiture provided by I.C. § 19-4901(b) did not apply."). It is a "longstanding rule" in Idaho that appellate courts will not consider arguments made for the first time on appeal. *Row v. State*, 21 P.3d 895, 902 (Idaho 2001). Respondent has adequately invoked this procedural rule, and Petitioner has not shown that the rule was unclear, inconsistently applied, or not well-established at the time of the default of his *Brady* and *Napue* claims. *See Klauser*, 266 F.3d at 1093–94. Further, this Court has already held that the Idaho appellate courts' procedural rule requiring that an issue be raised in the state district court is adequate and independent. *Nelson v. Blades*, No. CV 04-001-S-LMB, 2009 WL 790172, at *8 (D. Idaho Mar. 23, 2009) (unpublished).

Accordingly, Claims 1 and 3 were also defaulted on the adequate and independent

state procedural ground that arguments will not be considered on appeal if they were not first raised in the lower court.

**5.    Claim 3(b) Was Defaulted on the Alternative Adequate State Procedural Ground that the Claim Was Not Supported by Argument and Authority**

In addition to concluding that Claims 1 and 3 were procedurally barred base on § 19-4901(b), the Idaho Court of Appeals alternatively held that Claim 3(b), Petitioner's *Napue* claim regarding the testimony of Detective Hally, was unsupported by argument and authority. *State's Lodging D-4* at 15–16.

Specifically, the court of appeals stated as follows:

> [E]ven when [Claim 3b)] is reviewed on the merits, [Petitioner's] claim fails because he did not show that this claim raises a substantial doubt about his guilt and it could not have been raised earlier, as required to qualify for the forfeiture exception. First, in his third amended petition, [Petitioner] alleged that Det. Hally fabricated evidence and intimidated witnesses and this misconduct "constitute[d] police abuse of citizens, in such a fashion that [led] to the complete perversion[] of the judicial process." *[Petitioner] neither identifies nor supports the legal theory underlying this claim. It is well established that a party waives an issue on appeal if either authority or argument is lacking. State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

*Id*. (emphasis added).

Pursuant to the doctrine announced by the Idaho Supreme Court in *State v. Zichko*, 923 P.2d 966, 970 (Idaho 1996), Idaho appellate courts will not consider claims or issues that are not supported by both argument and authority. The Ninth Circuit held long ago that *Zichko* is an adequate and independent state procedural rule for purposes of procedural default. *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Therefore, Petitioner's claim

is procedurally defaulted.

Petitioner disputes that the state court of appeals actually held the claim procedurally barred as unsupported by argument and authority. He argues the state court did not "clearly and expressly" rely on *Zichko* because it gave "a confusing mish-mash of a purported 'merits' analysis that is also phrased in the language of procedural defaults." Dkt. 14 at 15.

Whether or not the court of appeals' analysis of Claim 3(b) is a model of clarity, the fact that it gave a merits analysis alongside a procedural bar analysis does not mean the claim was not defaulted on an adequate and independent state procedural basis. When a state court has relied on a state rule to find a claim procedurally barred, that court "need not fear reaching the merits of a federal claim in an alternative holding." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (emphasis omitted); *see also Apelt v. Ryan*, 878 F.3d 800, 825 (9th Cir. 2017) ("[W]here a state court expressly invokes a procedural bar, the claim is defaulted, even though the state court goes on to discuss the merits of the claim."). The Idaho Court of Appeals explicitly cited *Zichko* in its decision in Petitioner's case and accurately described the *Zickho* forfeiture rule as "well established." *State's Lodging D-4* at 16. Accordingly, Claim 3(b) was defaulted on the alternative adequate and independent state procedural ground that Petitioner did not support this claim with argument and authority.

## CONCLUSION

For the foregoing reasons, Claims 1(a), 1(b), 3(a), and 3(b) were procedurally defaulted on adequate and independent state procedural grounds. Because Petitioner does

MEMORANDUM DECISION AND ORDER - 18

not argue that he is excused from the default of these claims, they must be dismissed.

## ORDER

**IT IS ORDERED:**

1.    Respondent's Motion for Partial Summary Dismissal (Dkt. 10) is GRANTED, and Claims 1(a), 1(b), 3(a), and 3(b) are dismissed as procedurally defaulted.

2.    Respondent must file an answer to the remaining claim (Claim 2) within 60 days of the date of this Order. Respondent may also address the merits of Claims 1(a), 1(b), 3(a), and 3(b) as an alternative basis for the resolution of these claims.

3.    Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: September 23, 2025

David C. Nye
Chief U.S. District Court Judge